# In the United States Court of Federal Claims

No. 24-996C
(Filed: December 13, 2024)
**NOT FOR PUBLICATION**

```
*************************************
GRADY RENARD WILLIAMS, JR.,       *
                                  *
              Plaintiff,          *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
*************************************
```

## AMENDED ORDER

Because Plaintiff — who is currently incarcerated — has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, he is not allowed to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). When Plaintiff filed his complaint without paying the filing fee or showing that he is under imminent threat of serious physical injury, this Court ordered him to pay the fee. *See* Order Directing Payment of Filing Fee (ECF 5). And when Plaintiff failed to do so, this Court dismissed his case for failure to prosecute. *See* Order (ECF 8). In between the dates of those orders, Plaintiff mailed a motion to reconsider the filing fee order, together with a supporting declaration. *See* Motion to Reconsider ("MTR"). This Court received it on September 3, 2024, after dismissal. Out of consideration for the challenges of receiving and sending mail while incarcerated, I construe the motion as requesting relief from the judgment under RCFC 59 or 60. The motion and supporting declaration shall be **FILED BY MY LEAVE**, and the motion is hereby **DENIED**.

Plaintiff claims that he is "under imminent danger of serious physical injury" and therefore entitled to proceed *in forma pauperis* under Section 1915(g). Even if he were allowed by statute to proceed *in forma pauperis*, he has not provided the required materials — namely, an application, a certified copy of his prison trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the instant complaint, and a Prisoner Authorization Form. *See* 28 U.S.C. §§ 1915, 1926. Plaintiff's declaration describing his financial circumstances does not contain all the information required for obtaining *in forma pauperis* status as a prisoner. Because he has not paid the fee or shown that he is entitled to proceed *in forma pauperis*, his case would still have to be dismissed for failure to comply with the filing fee order. Relief can be denied for that reason alone.

In addition, Plaintiff cannot show that he is allowed to proceed *in forma pauperis* under Section 1915(g). He alleges that he is in imminent danger because a "hit" was placed upon him after he assisted another individual with a legal matter. MTR at 1. He alleges that prison supervisors have not taken adequate action in response. *Id.* at 2. The problem is that to trigger the Section 1915(g) imminent danger exception, there must be a nexus between the purported danger and the complaint's underlying claims. *See Fourstar v. United States*, 950 F.3d 856, 859–60 (Fed. Cir. 2020) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296, 298 (2d Cir. 2009)). Plaintiff's complaint alleges that his imprisonment itself violated his constitutional and civil rights. *See* Compl. at 1 (ECF 1). The danger the Plaintiff now alleges does not stem from any of the legal violations he alleged in his complaint. *See* MTR at 1; *see* Compl. at 1. The only possible connection between the alleged danger and Plaintiff's claims is the imprisonment itself, which alone is not danger enough to trigger the 28 U.S.C. § 1915(g) exception. *See Cameron v. United States,* No. 21-1779C, 2021 WL 4998953, at *1 (Fed. Cl. Oct. 28, 2021), *aff'd,* No. 2022-1195, 2022 WL 995584 (Fed. Cir. Apr. 4, 2022).

Finally, even if Plaintiff's argument for *in forma pauperis* status had merit, the substantive allegations in his complaint involve tort, due process, and equal protection claims against the State of Georgia, all of which are outside this Court's jurisdiction. *See* Compl. at 1–4; RCFC 12(h)(3). Granting relief from the judgment would therefore be futile.

For the foregoing reasons, the Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge